UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:19-25091-Civ-COOKE

WILLIAM LEE GRANT, II,

    Plaintiffs,

v.

U.S. DEPARTMENT OF DEFENSE,

    Defendant.
_____/

## ORDER STRIKING COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3). On December 10, 2019, Plaintiff, appearing pro se, filed a complaint against the U.S. Department of Defense seeking $99 trillion in monetary damages. ECF No. 1.

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to § 1915(e), the Court must dismiss the case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)

(citations omitted). A *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's Complaint is an impermissible shotgun pleading in that it fails to comply with the requirements of Federal Rules of Civil Procedure 8(a) and 10(b). *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally fall into one of four categories: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint ... replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not "separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. A shotgun complaint makes it "virtually impossible to know which allegations of fact are intended to support which claims for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). The Eleventh Circuit has "roundly, repeatedly, and consistently" condemned shotgun pleadings. *Id.* at 1125. When a plaintiff files a shotgun pleading, the court should strike the pleading and instruct the plaintiff to replead in accordance with the Federal Rules of Civil Procedure. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018).

Here, Plaintiff's Complaint "is replete with conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1321-23. Moreover, the Court cannot discern any intelligible and legally viable causes of action in the entire 32-page Complaint. More specifically, while the Complaint lists numerous U.S. Constitutional Amendments, *see, e.g.* ECF No. 1 at 15, the Complaint fails to establish a nexus between those amendments and Plaintiff's rambling conclusory allegations. Nor does the Complaint attribute the purported violations of Plaintiff's constitutional rights to the only Defendant in this action – the U.S. Department of Defense. Instead, it appears that Plaintiff is using this Complaint to air his purported grievances and conspiracy theories against a multitude of current and former public officials. *Id.* at 6-8.

The Complaint also asserts a host of impertinent allegations regarding the genitalia of several public figures. *Id.* at 13-14. Likewise, the Complaint uses crass and impertinent language in reference to two female individuals. *Id.* at 14. These allegations bear no relevance to or connection with the purported violation of Plaintiff's constitutional rights. As such, the assertion of such immaterial and impertinent allegations is wholly improper and inappropriate.

Accordingly, the Court **STRIKES** the Complaint (ECF No. 1), and all pending motions are **DENIED** as moot. Plaintiff may file an amended complaint on or before **September 7, 2020**, if it complies with this Order and the Federal Rules of Civil Procedure. Specifically, Plaintiff is required to make a "short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a). Plaintiff must also state each theory of liablity separately "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The newly amended complaint should clearly delineate which factual allegations and cited laws are relevant to the asserted cause of action. This includes specifying which Defendant is liable under each cause of action and which Defendant is implicated in each factual allegation. Finally, the assertions in the amended complaint must be limited to pertinent and relevant allegations. Failure to comply with this Order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59.

The Clerk of Courts is directed to administratively close this case for statistical purposes only.

**DONE and ORDERED** in Miami, Florida, this 31st day of August 2020.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William Lee Grant, II, pro se*